1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  LEROY D. HUNTER,                                    1:09-cv-00017-OWW-GSA-PC

12          Plaintiff,                                  ORDER GRANTING DEFENDANT DAVIS'
                                                        MOTION TO COMPEL
13      vs.                                             (Doc. 38.)

14  P. DAVIS, et al.,                                   ORDER FOR PLAINTIFF TO RESPOND TO
                                                        INTERROGATORIES AND REQUEST FOR
15          Defendant.                                  PRODUCTION OF DOCUMENTS AS INSTRUCTED
                                                        BY THIS ORDER, WITHIN THIRTY (30) DAYS
16  _____/

17  **I.      RELEVANT PROCEDURAL HISTORY**

18          Plaintiff Leroy D. Hunter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

19  in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

20  action on January 5, 2009.  (Doc. 1.)  This action now proceeds with the original Complaint, against

21  defendant P. Davis, on Plaintiff's claim for excessive force.

22          On July 6, 2010, the Court issued a Discovery/Scheduling Order establishing a deadline of March

23  6, 2011, for completion of discovery, including motions to compel.  (Doc. 27.)  The Court's order

24  informed the parties that "[r]esponses to written discovery requests shall be due forty-five (45) days after

25  the request is first served."  (Id. at 1:22.)  On November 23, 2010, defendant P. Davis ("Defendant")

26  filed a motion to compel discovery responses from Plaintiff.  (Doc. 38.)  On January 12, 2011, Plaintiff

27  filed a response to the motion.  (Doc. 40.)  Defendant did not file a reply.  Defendant's motion to compel

28  is now before the Court.

1

## II.   PLAINTIFF'S ALLEGATIONS AND EXCESSIVE FORCE CLAIM

At the time of the events at issue, Plaintiff was incarcerated at the Lerdo Pre-trial Detention Facility in Bakersfield, California, in the custody of the Kern County Sheriff.  Plaintiff names Deputy P. Davis as the only defendant.

Plaintiff alleges in the Complaint as follows. On January 11, 2007, Defendant Deputy P. Davis "applied handcuffs as tight as possible, after his superior officer had just taken them off." (Compl., ¶ IV.)  Plaintiff alleges that he was previously escorted to medical visits without the need for handcuffs or leg irons.  Plaintiff alleges that as a result of the application of the handcuffs, he suffered nerve damage and circulatory problems.  Plaintiff requests monetary damages as relief.

Plaintiff does not indicate whether, at the time of the events at issued, he was a pre-trial detainee or under a judgment of conviction.  The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners.  Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).  It is the Due Process Clause of the Fourteenth Amendment that protects pre-trial detainees from the use of excessive force.  Redman v. County of San Diego, 942 F.2d 1435, 1440 (9th Cir. 1991) (quoting Graham, 490 U.S. at 395 n.10).

In resolving a substantive due process claim, courts must balance "several factors focusing on the reasonableness of the officers' actions given the circumstances.'"  White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990) (quoting Smith v. City of Fontana, 818 F.2d 411, 1417 (9th Cir. 1987) (overruled on other grounds)).  In the White case, the Ninth Circuit articulated four factors that courts should consider in resolving a due process claim alleging excessive force.  The factors are (1) the need for application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline.  White, 901 F.2d at 1507.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of

2

1  decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289

2  F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses

3  of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise

4  to a federal cause of action."  Hudson, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel

5  and unusual punishments necessarily excludes from constitutional recognition de minimis uses of

6  physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind."

7  Id. at 9-10 (internal quotations marks and citations omitted).

8       On April 23, 2010, the Court found that under either standard, under federal notice pleading

9  standards, Plaintiff's allegations in the Complaint were sufficient to state a claim for excessive force.

10  (Doc. 22.)

11  **II.     MOTION TO COMPEL**

12       Defendant moves the Court for an order compelling Plaintiff to provides responses to

13  Defendant's Special Interrogatories, Set One, and First Request for Production of Documents, pursuant

14  to Federal Rule of Civil Procedure §§33(b)(3), 34(b)(2), and 37(a).

15       **A.     <u>Federal Rules of Civil Procedure 26(b), 33(b)(3), 34(b)(2), and 37(a)</u>**

16       Under Rule 26(b) of the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court

17  order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged

18  matter that is relevant to any party's claim or defense — including the existence, description, nature,

19  custody, condition, and location of any documents or other tangible things and the identity and location

20  of persons who know of any discoverable matter.  For good cause, the court may order discovery of any

21  matter relevant to the subject matter involved in the action.  Relevant information need not be admissible

22  at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

23  evidence."  Fed. R. Civ. P. 26(b)(1).

24       Pursuant to Rule 33(b)(3), "[e]ach interrogatory must, to the extent it is not objected to, be

25  answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).

26  ///

27  ///

28  ///

3

Rule 34(b)(2) provides, with respect to the production of documents:

**(2)    *Responses and Objections*.**

> **(A)**   *Time to Respond*.  The party to whom the request is directed must respond in writing within 30 days after being served.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
>
> **(B)**   *Responding to Each Item*.  For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

Fed. R. Civ. P. 34(b)(2).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses.  Rule 37(a)(3)(B) empowers a propounding party to bring a motion "for an order compelling an answer, designation, production, or inspection . . . if a party fails to answer an interrogatory submitted under Rule 33; or if a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii),(iv).  The failure to respond to interrogatories or a request for inspection or production of documents "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)." Fed. R. Civ. P. 37(d).  It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (*citing* Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)).  The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**B.    Parties' Positions**

Defendant requests an order requiring Plaintiff to serve on Defendant, full and complete discovery responses, without objection, within a reasonable time to be established by the Court.  On June 29, 2010, Defendant served upon Plaintiff Special Interrogatories, Set One, and a First Demand for Production of Documents.  (Declaration of Marshall S. Fontes ("Fontes Decl."), Doc. 38-2, ¶3; Exhs. "A" and "B" to Motion to Compel ("Motion"), Doc. 38-1.)  Plaintiff has never responded to either of these sets of discovery and has never requested any extension of time within which to do so.  (Fontes Decl. ¶4.)  On November 4, 2010, defense counsel sent a meet and confer letter to Plaintiff, requesting

4

1    a response by November 19, 2010.[1]  (Fontes Decl. ¶5; Exh. "C" to Motion.)  As of November 22, 2010,

2    no responses from Plaintiff to the outstanding discovery, or the meet and confer letter, were received by

3    counsel for Defendant. (Fontes Decl. ¶6.)  Defendant maintains that he will be extremely prejudiced in

4    the absence of Plaintiff's responses to his discovery requests, because this information is necessary in

5    order to prepare a dispositive motion and to prepare for trial.  (Id. at ¶8.)

6           In response, Plaintiff filed a twelve-page rambling narrative titled "Motions For U.S. Court Clerk

7    Victoria C. Minor To Duplacate (*sic*) All that has been Sent in Discovery/Summary Judgment," in which

8    he requests relief based on the merits of his complaint and defends against Defendant's motion to

9    dismiss of August 26, 2010 which was withdrawn by Defendant on October 25, 2010.  Plaintiff admits

10   to "bewilderment and confusion" and to taking mental health drugs to combat nightmares.  (Doc. 40 at

11   8:4-14, 11:9-10.)  Plaintiff contends that "each and every paper that has been sent to the Plaintiff by the

12   defendants or Attorney's (*sic*) for has been in Conspiracy to obstruct Justice." (Id. at 4:16-19.)  Plaintiff

13   does not specifically address the discovery requests from Defendant or Defendant's motion to compel.

14       **C.**    **<u>Discussion</u>**

15           Defendant has submitted evidence that on June 29, 2010, he served interrogatories and a demand

16   for production of documents on Plaintiff, and Plaintiff has not responded to the discovery requests,

17   requested an extension of time to do so, or responded to the meet and confer letter sent by Defendant

18   on November 4, 2010.  (Fontes Decl. ¶¶3-6; Exhs. "A," "B" & "C" to Motion.)    Defendant has

19   established that he would be extremely prejudiced in the absence of Plaintiff's responses to his discovery

20   requests. (Fontes Decl. ¶8.)  Plaintiff offers no reasonable opposition to Defendant's motion to compel.

21   The Court finds that Defendant is entitled to discovery responses from Plaintiff pursuant to Rules 26,

22   33, 34, and 37.  Therefore, Plaintiff shall be required to respond to Defendant's interrogatories and

23   demand for production of documents, without objection, within thirty days.

24   **III.**   **CONCLUSION**

25           Based on the foregoing, it is HEREBY ORDERED that:

26          1.      Defendant's motion to compel, filed on November 23, 2010, is GRANTED;

27

28         [1]The Court's Discovery/Scheduling Order of July 6, 2010, absolved the parties of the "meet and confer"
requirements of Local Rule 251 and Federal Rules of Civil Procedure 26 and 37.  (Doc. 27 at ¶5.)

2.   Within thirty (30) days of the date of service of this order, Plaintiff shall serve upon Defendant full and complete responses, without objection, to the Special Interrogatories, Set One, and First Demand for Production of Documents, which were served upon Plaintiff on June 29, 2010; and

3.   Plaintiff's failure to comply with this order may result in the imposition of sanctions, including the dismissal of this action for Plaintiff's failure to comply with a court order.

IT IS SO ORDERED.

Dated:   __July 26, 2011__          _____/s/ Gary S. Austin_____
                                        UNITED STATES MAGISTRATE JUDGE