IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY D. HUNTER,<br><br>                Plaintiff,<br><br>     v.<br><br>P. DAVIS,<br><br>                Defendants. | NO. 1:09-cv-00017 LJO GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 41)<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Pending before the Court is Defendant's motion for summary judgment.[1]

**I.    Procedural History**

This action proceeds on the original complaint. The allegations of the complaint indicate that while Plaintiff was housed at the Lerdo Pretrial Detention Facility, Defendant Deputy Davis subjected Plaintiff to excessive force. Specifically, Plaintiff alleges that on January 11, 2007, Defendant Davis "applied handcuffs as tight as possible, after his superior officer had just taken them off." (Compl., ¶ IV.) Plaintiff alleges that he was previously escorted to medical visits without the need for handcuffs or leg irons. Plaintiff alleges that as a result of Defendant's

---

[1] On May 7, 2010, the Court issued and sent to Plaintiff the summary judgment notice required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (ECF No. 24.)

conduct, he suffered nerve damage and "other circulatory problems." The complaint was served on Defendant Davis and on March 31, 2011, Defendant Davis filed the motion for summary judgment that is before the Court. Plaintiff has opposed the motion.[2]

**II.    Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [a]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

With regard to Plaintiff's motion for summary judgment, as the party with the burden of persuasion at trial, Plaintiff must establish "beyond controversy every essential element of its" his affirmative claims. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (quoting W. Schwarzer, California Practice Guide: Federal Civil Procedure Before Trial § 14:124-127 (2001)). The moving party's evidence is judged by the same standard of proof applicable at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e);

---

[2] On May 6, 2011, Plaintiff was ordered to file an opposition to the motion. Plaintiff's opposition, filed on June 7, 2011, is styled as an opposition and a cross-motion for summary judgment.

2

Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson, 477 U.S. at 248; Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1996), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Matsushita, 475 U.S. at 588; County of Tuolumne v. Sonora Community Hosp., 263 F.3d 1148, 1154 (9th Cir. 2001).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 872 (9th Cir. 2007).  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Rule 56(c).  The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

  A. **Excessive Force**

  In his motion, Defendant indicates that, at the time of the event at issue in this lawsuit, Plaintiff had already been arraigned and was being transported to a pre-preliminary hearing. Plaintiff does not dispute this. Following arraignment, a pretrial detainee is protected by the Fourteenth Amendment's substantive due process clause. Graham v. Connor, 490 U.S. 386, 395, n. 10 (1989); Redman v. County of San Diego, 942 F.2d 1435, 1441 (9th Cir. 1991)(en banc). In resolving a substantive due process claim, courts must balance "several factors focusing on the reasonableness of the officers' actions given the circumstances.'" White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990)(quoting Smith v. City of Fontanta, 818 F.2d 1411, 1417 (9th Cir. 1987)(overruled on other grounds)). In White, the Ninth Circuit articulated four factors that courts should consider in resolving a due process claim alleging excessive force. (1) the need for application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. White, 901 F.2d at 1507.

**III.** **Analysis**

  A. **Defendant's Motion**

  Defendant supports his motion with his own declaration and attached Exhibits A through I.

  Attached as Exhibit E to Defendant's declaration is an authenticated copy of Kern County Sheriff's Department Detentions Bureau Policies and Procedures C-400. This policy governs the restraint and security of inmates. This policy directs that staff will restrain all inmates. The lowest level of restraint is for misdemeanor inmates, which must be restrained with a minimum of handcuffs. The policy includes exceptions, none of which apply to Plaintiff. The policy specifies that it applies to the restraining of inmates during routine movements. Defendant's Exhibit I is a copy of the inmate display record for Plaintiff, indicating that Plaintiff was a high security level. Defendant Davis declares that this security designation means that Plaintiff would

have been wearing a red wrist band which means that he was a high security risk when he was being transported to court. Defendant Davis declares that, despite a January 17, 2007, notation by Sergeant Malone that the transportation officer had discretion whether to use shackles or handcuffs on Plaintiff, "it would not be unreasonable to require the use of restraints on plaintiff during transportation." (Davis decl. ¶ 9.)

Regarding the events at issue on January 11, 2007, Deputy Davis declares the following:

> On January 11, 2007, plaintiff was one of the prisoners that I transported from Lerdo to court in Delano. When plaintiff exited the holding cell, he was not wearing restraints. Plaintiff did not have any medical documentation that exempted him from Policy C-400. I therefore placed plaintiff in handcuffs. I did not apply the handcuffs with sufficient force to hurt plaintiff. I visually checked to assure that there was space between the bracelet and the wrist. I thereafter loaded plaintiff on the bus and transported him to Delano without incident. Plaintiff never complained of any pain or discomfort being caused by the handcuffs.

(Davis decl. ¶ 5.)

The Court finds that Defendant has met his burden on summary judgment. Defendant's evidence establishes a lack of a triable issue of fact as to whether Plaintiff was subjected to excessive force. Defendant's Exhibit E, the restraint policy, establishes the need for application of force and the relationship between the need and amount of force used. Exhibit E establishes that, as a matter of policy, a minimum restraint of handcuffs is necessary to restrain inmates for routine transportation. The policy recognizes "the need to restrain inmates to provide security during routine movements both within and outside of facilities." Defendant Davis declares that he was acting pursuant to policy. Defendant's declaration establishes that he did not apply the handcuffs with sufficient force to hurt Plaintiff and that he visually checked to assure that there was space between the bracelet and the wrist. Defendant's declaration further establishes that Plaintiff never complained of any pain or discomfort being caused by the handcuffs.

Plaintiff's opposition consists of 13 pages of rambling narrative and argument. Plaintiff attaches 18 pages of exhibits. Plaintiff's exhibits appear to be copies of inmate grievances filed by Plaintiff, along with portions of Plaintiff's medical record. Page 14 of Plaintiff's opposition is

a copy of an inmate grievance filed by Plaintiff on January 31, 2007.  In this grievance, Plaintiff asserts the conclusory allegation that on January 11, 2007,  Defendant "did use excessive force for cruel and unusual punishment, and sadistically for the purpose of causing harm."  Plaintiff also attaches copies of portions of his medical record.  Although unclear from the record, it appears that Plaintiff presented to medical with a complaint of pain as a result of tight handcuffs.  A review of Plaintiff's exhibits indicate that Plaintiff has not submitted any evidence that he suffered anything more than de minimis injury as a result of Defendant's conduct.

Neither Plaintiff's complaint nor his opposition are made under the penalty of perjury.  The Court has reviewed all of the exhibits submitted by Plaintiff in support of his opposition.  Plaintiff has not met his burden on summary judgment by coming forward with any evidence that Deputy Davis subjected Plaintiff to excessive force.

### B. Plaintiff's Motion

As noted, Plaintiff's opposition is styled as an opposition and a cross-motion for summary judgment.  Plaintiff offers a narrative, rambling argument, but fails to offer any evidence that establishes  "beyond controversy every essential element of its" his affirmative claims.  S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (quoting W. Schwarzer, California Practice Guide: Federal Civil Procedure Before Trial § 14:124-127 (2001)).  Defendant correctly notes in his reply that Plaintiff fails to specify on which grounds summary judgment is to be made.  Fed. R. Civ. P. 56(c) specifically directs that Plaintiff, as the moving party, has the burden of  of informing the district court of the basis for his motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.  Katz v. Children's Hospital of Orange County, 28 F.3d 1520, 1534 (9th Cir. 1994).  Plaintiff fails to do so.  His motion should therefore be denied.

///

///

**IV.     Conclusion and Recommendation**

Defendant has come forward with evidence that establishes the lack of existence of a triable issue of fact. Defendant's declaration and the Kern County Sheriff's Department Detention Policy establish that there was a legitimate penological need to shackle Plaintiff while transporting him to court, and Defendant's handcuffing of Plaintiff comported with that policy and did not constitute excessive force. Plaintiff offers no evidence that Deputy Davis subjected him to excessive force, or caused anything more than de minimis injury. Judgment should therefore be entered in favor of Defendant Davis.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for summary judgment be denied, and Defendant's motion for summary judgment be granted in favor of Defendant and against Plaintiff.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **October 17, 2011**          /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE